**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ALONZO ELLISON | : | |
| | : | |
| Appellant | : | No. 3271 EDA 2025 |

Appeal from the PCRA Order Entered December 4, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0006872-2009

BEFORE:  NICHOLS, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY KING, J.:                **FILED JULY 16, 2026**

Appellant, Alonzo Ellison, appeals from the order entered in the Philadelphia County Court of Common Pleas, which dismissed as untimely Appellant's petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

The relevant facts and procedural history of this matter are as follows. On July 16, 2012, following a jury trial with his co-defendants Ferock Smith and Mikechel Brooker, Appellant was convicted of first-degree murder, conspiracy to commit murder, firearms not to be carried without a license, and possessing an instrument of crime.  On July 25, 2012, the court sentenced Appellant to life imprisonment without the possibility of parole.  This Court affirmed Appellant's judgment of sentence on September 23, 2014, and the

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

Supreme Court denied allowance of appeal on April 29, 2015. *See Commonwealth v. Ellison*, No. 2564 EDA 2012 (Pa.Super. filed Sep. 23, 2014) (unpublished memorandum), *appeal denied*, 631 Pa. 746, 114 A.3d 1038 (2015).

Subsequently, Appellant litigated an unsuccessful, timely first PCRA petition. This Court affirmed the denial of that petition on appeal. *See Commonwealth v. Ellison*, No. 1014 EDA 2017 (Pa.Super. filed Mar. 13, 2018) (unpublished memorandum).

On August 19, 2024, Appellant filed the instant, second PCRA petition, attempting to invoke the newly-discovered facts and governmental interference exceptions to the PCRA time bar. Specifically, Appellant alleged that he had recently discovered that an eyewitness, James Robinson, would testify that Philadelphia police officers interviewed him after the murder and attempted to convince Mr. Robinson to falsely implicate Appellant. Appellant asserted, however, that police never formally recorded Mr. Robinson's statement or mentioned him in discovery, in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

Further, Appellant indicated that he filed his PCRA petition within one year of when Appellant first learned that Mr. Robinson was an eyewitness. Initially, Appellant did not state with specificity the date he had learned of the statement or any additional information regarding how he had learned of the statement. At the conclusion of the petition, counsel certified that Appellant as well as Mr. Robinson would be called to testify at an evidentiary hearing,

- 2 -

and that Appellant would testify consistent with the averments made in his PCRA petition.[2]

Additionally, Appellant attached a transcript of an interview with Mr. Robinson in which Mr. Robinson stated that he knew Appellant, was present on the night of the murder, and Appellant had not been present at the time of the murder. Mr. Robinson signed and dated the interview on September 7, 2023, averring that the facts in the attached statement were true and correct and that he understood the statements made were subject to the penalties of 18 Pa.C.S.A. § 4904 (unsworn falsification to authorities).

On March 3, 2025, Appellant filed a supplemental PCRA petition. Again, Appellant did not specify the date upon which he discovered that Mr. Robinson had witnessed the murder but baldly averred that the petition had been brought within one year of that date. Appellant reiterated that he only recently had learned from his co-defendant that Mr. Robinson had been an eyewitness.[3] The supplemental PCRA petition did not contain further witness statements, interviews, or averments, although counsel did assert that "in her recent review of [Appellant's] homicide file," she discovered mentions of two

_____

[2] Below Mr. Robinson's name, birthday, and address, counsel provided the following statement as a certification: "It is believed and averred that **Petitioner** will testify consistent with the averments made in his statements." (**See** PCRA Petition, 8/19/24, at 19) (emphasis added).

[3] Again, at the conclusion of the petition, counsel provided the following statement as a certification: "It is believed and averred that **Petitioner** will testify consistent with the averments made in his statements." (**See** Supplemental PCRA Petition, 8/19/24, at 21) (emphasis added).

other individuals who "**may have been**" interviewed but no statements had been taken.[4]  (**See** Supplemental PCRA Petition, 3/3/25, at 14) (emphasis added).

_____

[4] Additionally, Appellant suggested that detectives intentionally failed to document Mr. Robinson's interview and that "[t]his is entirely consistent with a recently disclosed and now notorious email from ADA Edward Cameron to other DA's in **Commonwealth v Levar Burton** [*sic*], CP-51-CR-0407441-2004." (**See** Supplemental PCRA Petition, 3/3/25, at 17).  Appellant did not state when he learned of this alleged practice, nor did he provide a full copy of the email.  Appellant also did not cite any appellate case quoting this email.  Rather, Appellant provided a single paragraph, without citation.

We note that a search of the UJS portal system reflects that the defendant in CP-51-CR-0407441-2004 is named Lavar Brown, and the appellate memorandum filed in relation to this case does not mention Mr. Cameron's email.  **See Commonwealth v. Brown**, No. 2939 EDA 2011 (Pa.Super. filed Apr. 9, 2013) (unpublished memorandum).

We further note that on June 16, 2026, during the pendency of this appeal, the Supreme Court issued a decision in the **Brown** case.  **See Commonwealth v. Brown**, ___ Pa. ___, ___ A.3d ___, No. 32 EM 2023, 2026 WL 1737056 (filed Jun. 16, 2026).  Therein, Brown had filed a facially untimely PCRA petition, claiming that the Commonwealth violated **Brady** by withholding evidence that a cooperating co-conspirator had falsely accused another individual, Kennisha Paige, of being involved in the murder at issue.  Specifically, Brown asserted that the Commonwealth failed to disclose various memoranda written by detectives involved in the case memorializing various investigatory measures taken while attempting to interview Ms. Paige, as well as other documentation regarding Ms. Paige's whereabouts on the night of the murder.  In his PCRA petition, Brown argued that the suppressed paperwork regarding Ms. Paige deprived him of evidence that could have been used at trial to show that police knew his co-conspirator had provided false information and was capable of implicating an innocent person of the crime.

During the course of the proceedings, the Commonwealth, represented by the Philadelphia District Attorney's Office ("DAO"), agreed that Brown was entitled to a new trial.  The victims' family members were allowed to intervene, arguing that the DAO had a disqualifying conflict of interest.  Ultimately, the trial court

*(Footnote Continued Next Page)*

- 4 -

On July 14, 2025, the Commonwealth filed an answer in opposition to the PCRA petition, arguing that Appellant had not pled sufficient facts to satisfy the time bar exceptions. The Commonwealth noted that Appellant had not explained how or when he discovered that Mr. Robinson was an alleged eyewitness, beyond his bald averment that he had learned of Mr. Robinson's existence from his co-defendant and filed the petition within one year of this discovery. The Commonwealth further averred that Appellant had not made an offer of proof or provided any evidence that police had failed to pass documents relating to Mr. Robinson in discovery.

On August 27, 2025, Appellant filed a response. Appellant stated that in June 2023, Mr. Robinson testified at his co-defendant Ferock Smith's PCRA

---

accepted Brown's and the DAO's joint stipulations of fact and granted Brown's petition, vacating his judgment of sentence for murder. The family members of the victims filed a petition requesting that the Supreme Court exercise King's Bench jurisdiction over the case, which the Court granted.

The Supreme Court reversed the PCRA court's order, holding that 1) Brown had not met his burden of proving by a preponderance of the evidence that his co-conspirator had falsely accused Ms. Paige of being involved in the murder; 2) it was error for the PCRA court to grant relief without holding an evidentiary hearing on Brown's **_Brady_** claim; 3) the DAO had breached its duty of candor to the PCRA court; 4) the manner in which the DAO had conducted its investigation, prior to confessing error, was a violation of its duty to conduct a reasonable investigation; 5) in PCRA cases where the DAO concedes relief is warranted, the court, before ruling on the concession, must afford the Office of Attorney General ("OAG") notice and opportunity to intervene, and 6) if the OAG chooses to intervene, it will not replace or supersede the DAO but become an additional, full party. **_See id._** at **24-26, 27, 28-32, 33-44, 44-51.

Notably, nothing in the Supreme Court's recent decision affords Appellant relief in the instant case.

hearing, and Mr. Robinson stated at Smith's PCRA hearing that Appellant had not been involved in the crime and that Mr. Robinson had told detectives this information.[5]  In July 2023, Mr. Robinson contacted Appellant's sister, Lottie Ellison, via Facebook and informed her that he had been an eyewitness to the crime.  Ms. Ellison then contacted Appellant with this information.  Subsequently, Appellant retained counsel, who interviewed Mr. Robinson on September 6, 2023, and then filed the PCRA petition within one year of that date.  Notably, counsel for Appellant did not include a witness certification for Ms. Ellison, nor did she include a signed certification by counsel regarding Ms. Ellison's information or testimony.  As well, Appellant again asserted that he was raising newly-discovered facts regarding the alleged email in CP-51-CR-0407441-2004.

On October 10, 2025, the PCRA court sent notice pursuant to Pa.R.Crim.P. 907 of the court's intent to dismiss the petition without a hearing, as Appellant had not satisfied the time bar exceptions.  In the notice, the court also explained that Appellant's witness certifications were deficient.

On November 13, 2025, Appellant filed a response to the Rule 907 notice

_____

[5] The PCRA court in co-defendant Smith's case found Mr. Robinson's testimony not credible and dismissed Smith's PCRA petition.  This Court affirmed that decision on appeal.  *See Commonwealth v. Smith*, 328 A.3d 490 (Pa.Super. 2024) (unpublished memorandum) (concluding that PCRA court's bases for finding Mr. Robinson's testimony incredible were supported by record; absent Mr. Robinson's testimony, Mr. Smith could not prove that Commonwealth suppressed favorable evidence to establish *Brady* claim).  We note that the Honorable Glenn Bronson presided over co-defendant Smith's PCRA hearing, as well as Appellant's instant PCRA proceedings.

containing a signed affidavit from Lottie Ellison. The affidavit stated that sometime in July 2023, Mr. Robinson contacted Ms. Ellison through Facebook and told her 1) that he was an eyewitness to the crime, and 2) he was willing to provide a statement on Appellant's behalf. On July 25, 2023, Ms. Ellison informed Appellant that Mr. Robinson was an eyewitness to the crime and was willing to help Appellant.

On December 4, 2025, the court formally dismissed the PCRA petition. On December 17, 2025, Appellant timely filed a notice of appeal. The PCRA court did not issue a Pa.R.A.P. 1925(b) order to file a statement of matters complained of on appeal, and Appellant did not file one.[6]

On appeal, Appellant raises the following issues for review:

> I. Did the PCRA Court err in concluding that the instant petition based on the newly discovered evidence of and related to James Robinson is untimely filed and no witnesses could testify at a hearing?
>
> II. Did the PCRA Court err in concluding that the Appellant's claim that detectives had a newly discovered policy and practice of not documenting what does not fit their narrative was not timely?[7]

_____

[6] In the court's Rule 1925(a) statement, Judge Bronson explained that he was retiring on December 24, 2025, and there was insufficient time to issue a Rule 1925(b) order and subsequent Rule 1925(a) opinion, and that the reasons for the order dismissing the petition could be found in the court's Rule 907 notice.

[7] In this issue, Appellant reiterates his claims regarding the alleged practice of the homicide detectives withholding information, supported by an alleged email from a prosecutor found in the CP-51-CR-0407441-2004 case file. Appellant implies that this alleged practice should render his petition timely. Nevertheless, as noted, Appellant refers to this case by the wrong defendant's
_(Footnote Continued Next Page)_

- 7 -

(Appellant's Brief at 9) (suggested answers omitted).

Appellant argues that his petition should be rendered timely based on the newly discovered facts and governmental interference exceptions to the PCRA's time bar. Regarding the governmental interference exception, Appellant argues that the Commonwealth suppressed evidence of Mr. Robinson's eyewitness statement, and that this statement would have assisted in his defense, as it was exculpatory. Regarding the newly-discovered facts exception, although Appellant's initial and supplemental PCRA petitions did not aver when and how he discovered Mr. Robinson's statement, Appellant

_____

name, and provides no citation to any appellate authority or citation in the record beyond the docket number and the quotation as provided by Appellant. This email does not appear in the record beyond Appellant's arguments in his supplemental petition or his reply to the Commonwealth's answer.

It is well-settled that this Court **may not** consider, on appeal, matters which are not of record; rather, we are limited to considering only the materials in the certified record when resolving an issue. *See **Commonwealth v. Preston**, 904 A.2d 1, 6 (Pa.Super. 2006) (citations omitted). Further,

> the certified record consists of the "original papers and exhibits filed in the lower court, the transcript of proceedings, if any, and a certified copy of the docket entries prepared by the clerk of the lower court." Pa.R.A.P. 1921. Our law is unequivocal that the responsibility rests upon the appellant to ensure that the record certified on appeal is complete in the sense that it contains all of the materials necessary for the reviewing court to perform its duty.

*Id.* at 7. Instantly, the referenced email was not attached as an exhibit to any of Appellant's filings; its only appearance was a partial quotation, without proper citation or context. Thus, we will not consider this issue on appeal. *See id.* Moreover, as explained *supra*, the Supreme Court's recent decision in **Brown** does not afford Appellant any relief. *See Brown, supra*.

asserts that he subsequently clarified that Mr. Robinson informed Ms. Ellison, on or about July 25, 2023, that he had been an eyewitness to the murder and that Ms. Ellison immediately informed Appellant of this news. Appellant insisted he could not have learned of Mr. Robinson's statement before Ms. Ellison informed him of it. Appellant argues that he then retained counsel and a private investigator to interview Mr. Robinson.[8] Appellant submits that he timely filed his PCRA petition within one year of the interview. Appellant concludes that the PCRA court erred in finding that Appellant failed to establish the newly discovered facts and governmental interference exceptions to the PCRA time bar and dismissing his petition as untimely, and this Court must grant relief. We disagree.

The timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Hackett*, 598 Pa. 350, 956 A.2d 978 (2008), *cert. denied*, 556 U.S. 1285, 129 S.Ct. 2772, 174 L.Ed.2d 277 (2009). Pennsylvania law makes clear that no court has jurisdiction to hear an untimely PCRA petition. *Commonwealth v. Robinson*, 575 Pa. 500, 837 A.2d 1157 (2003). The PCRA requires a petition, including a second or subsequent petition, to be filed within one year of the date the underlying

---

[8] Additionally, Appellant claims that the court erred in finding that Appellant's own testimony would not be admissible at a hearing in the absence of a signed witness certification by Appellant or his verification of the pleadings. Based on our disposition to affirm the PCRA court on other grounds, we need not confront this argument. *See Commonwealth v. Selenski*, 228 A.3d 8 (Pa.Super. 2020), *appeal denied*, 662 Pa. 504, 240 A.3d 462 (2020) (stating we may affirm PCRA court's decision on any grounds if record supports it).

judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

To obtain merits review of a PCRA petition filed more than one year after the judgment of sentence became final, the petitioner must allege and prove:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Importantly, "[a]ny petition invoking an exception provided in paragraph (1) shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

To meet the newly-discovered facts timeliness exception set forth in Section 9545(b)(1)(ii), a petitioner must demonstrate "he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence." *Commonwealth v. Howard*, 285

A.3d 652, 659 (Pa.Super. 2022). Due diligence demands that a PCRA petitioner take reasonable steps to protect his own interests. *Id*. "A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence." *Id*. The focus of the exception is on [the] newly discovered facts, not on a newly discovered or newly willing source for previously known facts." ***Commonwealth v. Burton***, 638 Pa. 687, 704, 158 A.3d 618, 629 (2017) (internal citation and quotation marks omitted).

"The proper question with respect to [the governmental interference] timeliness exception is whether the government interfered with Appellant's ability to present his claim and whether Appellant was duly diligent in seeking the facts on which his claims are based." ***Commonwealth v. Chimenti***, 218 A.3d 963, 975 (Pa.Super. 2019), *appeal denied*, 658 Pa. 538, 229 A.3d 565 (2020) (internal citation omitted). In other words, an appellant is required to show that he would have filed his claim sooner, if not for the interference of a government actor. ***Commonwealth v. Staton***, 646 Pa. 284, 184 A.3d 949 (2018). Where a petitioner's allegation of governmental interference is based on an alleged ***Brady*** violation, "the proper questions with respect to timeliness in this case are whether the government interfered with Appellant's access to the [allegedly withheld evidence], and whether Appellant was duly diligent in seeking [that evidence]." ***Commonwealth v. Stokes***, 598 Pa. 574, 581, 959 A.2d 306, 310 (2008).

Instantly, Appellant's judgment of sentence became final on or about July 28, 2015, ninety days after our Supreme Court denied Appellant's petition

for allowance of appeal following his direct appeal. *See* U.S.Sup.Ct.R. 13 (stating appellant must file petition for writ of *certiorari* with United States Supreme Court within ninety days after entry of judgment by state court of last resort). Appellant filed his current PCRA petition on August 19, 2024, which is patently untimely. *See* 42 Pa.C.S.A. § 9545(b)(1).

Here, our review of the record confirms that Appellant has not satisfied the requirements for the proffered time-bar exceptions. Significantly, Appellant admits that he learned of Mr. Robinson's statement **on or about** July 25, 2023. However, Appellant did not file his PCRA petition until August 19, 2024, more than one year later. We reiterate that "[a]ny petition invoking an exception provided in paragraph (1) shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). On this record, we discern no error in the court's conclusion that Appellant failed to overcome the jurisdictional hurdle.[9] ***See Hackett, supra***. ***See also***

---

[9] Appellant claims that he was not able to file his petition until after he interviewed Mr. Robinson and Mr. Robinson signed an affidavit on September 6, 2023. Appellant contends he filed his PCRA petition within one year of this date. Even if the date of Mr. Robinson's affidavit constitutes the operative date for purposes of Section 9545(b)(2), Appellant is still not entitled to relief.

We emphasize that Mr. Robinson's affidavit and interview contain almost identical statements to those he made at the PCRA hearing concerning co-defendant Smith, during which Mr. Robinson had claimed he did not see Appellant or the other co-defendants on the night of the murder. We reiterate that the same PCRA jurist who considered and denied Appellant relief had presided over co-defendant Smith's PCRA hearing and expressly deemed Mr. Robinson's statements incredible. This Court affirmed that determination on appeal. ***See Smith, supra***. ***See also Commonwealth v. Flamer***, No. 1108
*(Footnote Continued Next Page)*

*Selenski, supra*.  Accordingly, we affirm.

Order affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/16/2026

_____

EDA 2024 (Pa.Super. filed Oct. 15, 2025) (unpublished memorandum) (affirming denial of PCRA relief in appellant's case where PCRA court concluded that proffered witness's testimony at co-defendant's hearing was incredible; noting that same jurist presided over appellant and co-defendant's PCRA proceedings and court had opportunity to observe witness's recantation testimony and demeanor at co-defendant's PCRA hearing; thus, appellant was not entitled to PCRA hearing because appellant did not proffer credible support for his claims); Pa.R.A.P. 126(b) (stating we may rely on unpublished decisions of this Court filed after May 1, 2019 for persuasive value).